[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12526
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2010
JOHN LEY
ACTING CLERK

Agency Nos. A097-645-780,
A097-645-781

JACQUELINE RODRIGUEZ MORA,
OSCAR RICARDO CASTRO CABRERA,
MARIA PAULA CASTRO RODRIGUEZ,
NATALIA CASTRO RODRIGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 25, 2010)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Jacqueline Rodriguez Mora, a native and citizen of Colombia, seeks review of the decisions of an Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"), denying her applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT").[1] The brief in support of her petition raises one issue: whether substantial evidence supports the IJ's and the BIA's respective decisions.

Mora argues that she suffered persecution in Colombia on account of her political opinion and therefore the IJ and the BIA erred in denying her applications for asylum and withholding of removal. She contends that, even if her persecutors were partially motivated by criminal or economic reasons, this is a case of "mixed motives" because the most meaningful motive for her persecution was political. Mora also argues that the IJ and the BIA erred in denying her relief under the CAT.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, because the BIA expressly agreed with the IJ's findings and conclusions as to Mora's eligibility for asylum, withholding of removal, and relief under the CAT, we review both decisions.

---

[1] Jacqueline Rodriguez Mora is the lead petitioner in this case. The three remaining petitioners are derivative to her applications for relief and the instant petition for review. Therefore, unless otherwise indicated, we refer to petitioners as Mora.

We review legal determinations of the IJ and BIA *de novo*, and "administrative fact findings under the highly deferential substantial evidence test." *Rivera v. U.S. Att'y Gen.,* 487 F.3d 815, 820 (11th Cir. 2007) (quotation omitted). In the process of reviewing the administrative fact findings, we may not "reweigh the evidence from scratch." *Id.* (quotations omitted). Rather, we may disregard such findings "only when the record compels a reversal;. . . that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Silva*, 448 F.3d at 1236 (quotations omitted). *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992) (noting that the record must compel a reasonable factfinder to reverse). Under the substantial evidence test, we view the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). At the end of the day, we must affirm the decisions of the IJ and BIA if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.,* 448 F.3d 1229, 1236 (11th Cir. 2006) (quotations omitted).

To establish eligibility for asylum, an applicant must show that she is a "refugee" as defined in 8 U.S.C. § 1158(b)(1). To meet this definition, the applicant bears the burden of proving, with credible evidence, that the applicant

was the victim of past persecution on account of her political opinion or any other protected ground, or that she has a "well-founded fear" of future persecution because of her political opinion or other protected ground. *Rodriguez Morales v. U.S. Att'y Gen.,* 488 F.3d 884, 890 (11th Cir. 2007); *See* 8 U.S.C. § 1158(b)(1). A "well-founded fear" exists if an applicant can prove that the fear is "subjectively genuine and objectively reasonable" and is on account of a political opinion or other protected ground. *Silva*, 448 F.3d at 1236 (quotation omitted). The applicant must establish a sufficient nexus between her political opinion or other protected ground and her alleged persecution. *Rodriguez Morales*, 488 F.3d at 890. Persecution "on account of" a political opinion means persecution because of the "victim's political opinion, not the persecutor's." *Elias-Zacarias*, 502 U.S. at 482, 112 S.Ct. at 816 (emphasis omitted). The fact that the persecutor is motivated by his political belief is irrelevant to the issue of whether the victim was persecuted because of her own belief. *Rodriguez Morales*, 488 F.3d at 890.

If an applicant can show that persecution was, at least in part, motivated by a protected ground, then she may be eligible for asylum and withholding of removal because of the persecutor's "mixed motive." *Rivera*, 487 F.3d at 821. Under the "mixed motive theory," if an asylum applicant can prove "with specific and credible evidence" that she was persecuted or has a well-founded fear of future persecution on account of a protected ground, it does not matter that there may be

4

additional motives for the persecutors' actions. If the record compels the finding that at least one of the persecutors' motivations involved a protected ground, then an applicant may be able to qualify for relief. *Id.*

To be granted withholding of removal under the INA, an alien must show that her life or freedom would be threatened on account of her political opinion or other protected ground. *Sanchez v. U.S. Att'y Gen.,* 392 F.3d 434, 437 (11th Cir. 2004). When seeking withholding of removal, "[a]n alien bears the burden of demonstrating that [s]he more-likely-than-not would be persecuted or tortured upon [her] return to the country in question." *Id.* (quotation omitted). To qualify for CAT relief, an alien must show "that it is more likely than not that [she] would be tortured if removed to the proposed country of removal," and that such torture would be by or with the consent of a public official or person acting in an official capacity. *Sanchez Jimenez v. U.S. Attn'y Gen.,* 492 F.3d 1223*,* 1239 (11th Cir. 2007) (quotation omitted). If an asylum applicant fails "to establish a claim of asylum on the merits, [s]he necessarily fails to establish eligibility for withholding of removal or protection under CAT." *Forgue v. U.S. Att'y Gen.,* 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

After reviewing the record in this case, we are satisfied that substantial evidence supports the IJ's and the BIA's determinations that Mora failed to show a

nexus between any actions that targeted her and her political opinion. She was therefore ineligible for asylum, withholding of removal, and CAT relief.

PETITION DENIED.